# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION


| | | |
|---|---|---|
| ANTHONY MILLER, #1362672, | ) | |
|      Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0708-L |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|      Respondent. | ) | |


## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court filed on June 21, 2007, this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Rather than submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner Miller, a *pro se* state prisoner at the Robertson Unit, submitted a "*Rhines v. Weber* Motion to Stop AEDPA One-Year Time Clock" along with a motion to proceed *in forma pauperis*. Due to the unusual nature of the *"Rhines v. Weber* Motion" and the errors which appeared, the Magistrate Judge issued a questionnaire to Petitioner on April 25, 2007.[1] Petitioner failed to timely answer the questionnaire, as a result the Magistrate Judge

---

[1]  A search of the Dallas County District Court and the Fifth Court of Appeals websites disclosed that Cause No. F04-51792-H, named one Kendrick McGahee as the individual convicted and sentenced in the criminal case, rather than Petitioner Miller as he had stated in his filings.

recommended that the case be dismissed without prejudice for want of prosecution on June 7, 2007. After Petitioner filed his answers to the questionnaire on June 11, 2007, the District Court re-referred the case to the Magistrate Judge for further proceedings.

Unlike the § 2254 petitioner in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), who sought a stay after having filed a habeas corpus proceeding in the federal district court, Petitioner has not filed a § 2254 petition. Nor can the Court interpret Petitioner's *Rhines v. Weber* Motion as commencing a habeas corpus action. Rule 2(c) and (d) of the Rules Governing Section 2254 Cases provides that an application for writ of habeas corpus shall be in the form of a petition, which specifies each ground for relief that is available to the petitioner and the factual basis for each ground for relief. Petitioner's motion only requests a stay and, thus, cannot be construed as the habeas corpus petition itself. Moreover, it is unclear what grounds he wishes to raise and whether he has ever exhausted state remedies in a habeas corpus application pursuant to art. 11.07, Texas Code of Criminal Procedure.

The pendency of a § 2254 petition is a necessary condition precedent to satisfying the "case or controversy" requirement of Art. III, § 2 of the United States Constitution, without which a federal court lacks jurisdiction to act. *See Juidice v. Vail*, 430 U.S. 327, 331, 97 S.Ct. 1211 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*); *see also U.S. v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir. 1986); *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before

[them].'" *Cook*, 795 F.2d at 994 (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102

(1982)); *see also North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (a federal court does not have

the power "to decide questions that cannot affect the rights of litigants in the case before them.").


Insofar as Petitioner requests an extension of the one-year statute of limitations, *see* 28

U.S.C. § 2244(d), his motion fails to present a case or controversy. *See Brewster v.*

*Quarterman*, No. 3:06cv2355-N (N.D. Tex., Dallas Div., Feb. 28, 2007) (denying Petitioner's

motion seeking extension of the one-year statute of limitations to file federal habeas petition for

want of jurisdiction); *Hernandez v. Dretke*, No. 3:05cv1294-D (N.D. Tex., Dallas Div., Aug. 4,

2005) (same).

Further the circumstances addressed by the Supreme Court in *Rhines v. Weber* are

dissimilar from the allegations asserted in Petitioner's pleadings. The petition in *Rhines* was a

mixed petition which included exhausted and unexhausted grounds. Mindful of the effect which

dismissal of a federal petition could have in light of the one-year limitations period in §

2244(d)(1)(A), the Court held that a federal court had the discretionary authority to stay a

pending § 2254 petition to allow a state prisoner to present his unexhausted claims to the state

court judicial system.

In this case, as noted above, Petitioner has yet to file a § 2254 petition. There is no

statutory or case authority that allows a federal district court to issue a premature order staying

the one-year limitations period before a § 2254 petition is filed.[2]

---

[2]    The Court does not express any opinion as to the timeliness or untimeliness of
the petition which Petitioner may file at a later date. The statute of limitations under § 2244(d) is

<u>RECOMMENDATION</u>:

For the foregoing reasons it is recommended that the *Rhines v. Weber* Motion to Stay

(Docket #1) be DISMISSED for want of jurisdiction.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 20th day of August, 2007.

_Wm. F. Sanderson, Jr._

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

_____

an affirmative defense, which can be raised *sua sponte* by the court or in a response to a § 2254 petition. Although "finality" of a conviction is one event which triggers the running of the one-year period, i.e. § 2244(d)(1)(A), the statute identifies three other dates from which the one-year period may comence to run. *See* § 2244(d)(1)(B)-(D). Also in exceptional circumstances, the running of the one-year period may be equitably tolled. *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998).